UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANGELA F. INGRAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:  1:05-CV-00045 |
| ) | |
| GOUGH PROPERTIES MANAGEMENT, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

I. BACKGROUND

This case started on February 4, 2005, when the Plaintiff, Angela F. Ingram, filed her *pro se* complaint alleging race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, against the Defendant, described in her pleading as "David Gough of Gough Mgmt. [sic] Properties, Inc." (DE # 1.)  In short, the Plaintiff alleged that she was the victim of race discrimination while serving as the Property Manager of Prestwick Square Apartments in Fort Wayne, Indiana. (*Id*.)  The filing of the *pro se* complaint followed the filing of a Charge of Discrimination with the Fort Wayne Metropolitan Human Relations Commission on December 17, 2003, alleging race discrimination by "Gough Porperties [sic] Management D/B/A," but the narrative focused primarily on the conduct of David Gough as "owner"  of Prestwick Square Apartments. (*Id*., Charge of Discrimination.)  On January 11, 2005, a Notice of Right to Sue issued, with a copy to "Human Resources Director, Gough Porperties [sic] Manageme [sic]" at the address of Prestwick Square Apartments in Fort Wayne. (*Id*., Notice of Right to Sue.)  Ingram received the Notice on January 28, 2005, and promptly filed suit. (*Id*.)

On March 1, counsel appeared for "Gough Properties Management, Inc." (DE # 3, 4.) On April 12, 2005, Gough Properties Management, Inc. (hereinafter referred to as "Gough Properties"), filed an Answer in general denial. (DE # 10). On May 11, 2005, counsel for the Plaintiff appeared, and a scheduling conference followed on June 30, 2005, at which the Court set July 20, 2005, as the last date for the Plaintiff to amend her complaint. (DE # 15, 20, 22.)

On July 20, 2005, the Plaintiff filed a motion to amend her former *pro se* complaint to add another defendant, "Gough and Gough, Inc." (DE # 24.) The proposed amendment seeks to add a claim of race discrimination against Gough and Gough under Title VII and a virtually identical claim, at least for analytical purposes, against both Defendants under 42 U.S.C. § 1981. (*Id*.)

The only Defendant in the case thus far, Gough Properties, filed a response to the motion essentially posing two legal objections: (1) Gough and Gough, Inc., was never named in the Charge of Discrimination, and (2) under 42 U.S.C. § 2000e-5(e)(1), it is now too late to bring a Title VII claim against them as a matter of law.[1] (Resp. in Opp'n to Pl.'s Mot. for Leave to Amend Compl. ¶¶ 5, 8.) Gough Properties apparently concedes, however, that the § 1981 claim is not time-barred against either Defendant, and only suggests that in order to clarify matters, the Plaintiff be required to recast her amended complaint to plead the separate claims. (*See id*. ¶ 9.)

---

[1]The Defendant seems to offer the second point from a misapprehension of the law, erroneously suggesting that the filing of a Charge of Discrimination must occur within 180 days of the unlawful employment practice. (Resp. ¶ 8.) First of all, the statement is incorrect as a legal proposition; to bring a suit under Title VII, a plaintiff in a deferral state such as Indiana must have filed a charge with the EEOC complaining of the alleged act of discrimination within 300 days of the occurrence of the alleged discriminatory act or event. 42 U.S.C. § 2000e-5(e); *see also Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 445 (7th Cir. 1994). Clearly a timely charge was filed, albeit against Gough Properties. Therefore, we think the Defendant is arguing that the Plaintiff cannot sue Gough and Gough because, in their view, no Charge of Discrimination was ever filed against that entity, and now it is too late to do so. This argument, however, seems to merely restate the Defendant's first point and will be addressed *infra*.

In reply, the Plaintiff asserts that Gough and Gough, and Gough Properties, are "one and the same," and have in fact represented themselves to be Plaintiff's employers, perhaps even her joint employer. (Pl.'s Reply to Def.'s Resp. in Opp'n to Pl.'s Mot. for Leave to Amend Compl. ¶ 2.)  Moreover, the Plaintiff argues that, at a minimum, Gough and Gough had a close relationship with Gough Properties, and therefore Gough and Gough received notice of the Charge of Discrimination and had an adequate opportunity to conciliate. (*Id*. ¶¶ 1-4.)

## II. DISCUSSION

As an initial proposition, the Defendant is correct, generally a party not named in a Charge of Discrimination may not be sued under Title VII. *Wilke v. Bob's Route 53 Shell Station*, 36 F. Supp. 2d 1068, 1071 (N.D. Ill. 1999) (citing *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989)); *Mihalik v. Ill. Trade Ass'n*, No. 93 C 6782, 1994 WL 66915, at *2 (N.D. Ill. Feb. 25, 1994).

The rule, however, is subject to exceptions, particularly where a layperson, such as Ingram, prepared the Charge of Discrimination, and where an unnamed party had adequate notice of the charge and an opportunity to participate in conciliation proceedings. *Wilke*, 36 F. Supp. 2d at 1071; *Schnellbaecher*, 887 F.2d at 126 (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)).

Applying the first prong of the exception, it seems reasonably certain that Gough and Gough received notice of Ingram's charge of discrimination.  Indeed, Ingram claims she was terminated by David Gough, a vice-president of Gough Properties, but also someone she describes as the "owner" of Prestwick Square Apartments. (*See* Charge of Discrimination.) David Gough is also the one who told her to vacate her company-provided Prestwick Square

3

apartment (Compl. at 4.); this becomes significant because it was followed by a Gough and Gough eviction form notice. (Pl.'s Reply, Attachment # 2.)  Stated another way, David Gough may have been a vice-president for Gough Properties, but he also was apparently someone who could speak with authority for Gough and Gough, at least when it came to the operation of Prestwick Square Apartments.  There are other important facts that make it fairly clear that Gough and Gough had notice of Ingram's charge:  Gough and Gough, and Gough Properties, share the same address in Valparaiso, Indiana;  David Gough uses a Gough and Gough e-mail address; and the Employee Handbook provided to Ingram uses Gough and Gough, and Gough Properties, interchangeably. (Pl.'s Reply, Attachments # 4, 5.)  Finally, based on her W-2 statement, Ingram was apparently paid as a Gough and Gough employee. (*Id.*, Attachments # 1, 4.)

   The precise demarcation between Gough and Gough, and Gough Properties, is not sharply defined, but putting the facts together, it is likely that David Gough is also an officer of Gough and Gough, just as he is of Gough Properties.  When corporations share an officer, notice of a Charge of Discrimination to that officer is notice to both corporations. *Wilke*, 36 F. Supp. 2d at 1071; *Mihalik*, 1994 WL 66915, at *2.  The same is true for shared board of directors. *Eggleston*, 657 F.2d at 906.  Even if not technically an officer of Gough and Gough, it is clear that David Gough was the prime actor in the events that led to Ingram's firing from her Gough and Gough employment, such that when her Charge of Discrimination was filed, Gough and Gough would have received notice.

   These same facts also support the second prong of *Eggleston*.  Gough and Gough certainly "had the same opportunity to conciliate as did [Gough Properties] in that [Ingram]

complained of actions allegedly taken by [David Gough]," not necessarily as a Gough Properties vice-president, but as the "owner" of Prestwick Square Apartments, a Gough and Gough property. *Mihalik*, 1994 WL 66915, at *2; *see Wilke*, 36 F. Supp. 2d at 1071-72.

As the Seventh Circuit reminds us, Ingram's *pro se* nature at the time she filed her Charge of Discrimination means she should not be required at that point to make a precise determination of the overlapping ownership and management of Prestwick Square between Gough Properties, and Gough and Gough. *Eggleston*, 657 F.2d at 908.  Moreover, the interests of Gough Properties, and Gough and Gough, are virtually identical and remained so during the EEOC proceedings; this point hardly needs much elaboration beyond the observation that counsel for Gough Properties is currently making arguments for Gough and Gough. *See id*.  Moreover, there is no suggestion that the absence of Gough and Gough from the EEOC proceedings resulted in any actual prejudice. *Id*.  Finally, Ingram's Employee Handbook blurs any distinction between Gough and Gough, and Gough Properties, by rolling them into simply "Gough," making it understandable for Ingram to believe that a Charge against one was effectively a Charge against the other. *Id.*

Consequently, because Gough and Gough received proper notice of the Charge and was provided with the requisite opportunity for conciliation, it is properly named in Ingram's amended complaint. *See Wilke*, 36 F. Supp. 2d at 1072.

Of course, Ingram's amended complaint against Gough and Gough will not be filed within the 90 days of her receiving the Right to Sue letter on January 28, 2005. (*See* Compl. ¶ 3.); *see* 42 U.S.C. § 2000e-5(f)(1).  The question then is whether the amended complaint relates back to the original complaint filed on February 4, 2005.  Gough Properties does not suggest

otherwise, but we will address the question to complete the record.

Rule 15(c) allows a plaintiff to amend a complaint and to have the amendment relate back to the date of the original filing. Fed. R. Civ. P. 15(c).  "The four prerequisites to a 'relation back' amendment under Rule 15(c) are: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the proscribed limitations period." *O'Reilly v. Montgomery County*, No. 102CV1242, 2003 WL 23101795, at *6 (S.D. Ind. Feb. 24, 2003) (citing *Worthington v. Wilson*, 8 F.3d 1253, 1255-56 (7th Cir. 1993)).  It is not disputed that the basic claim arises out of the conduct set forth in the original complaint. *Id*. (citing *Sessions v. Rush State Hosp.*, 648 F.2d 1066, 1069-70 (5th Cir. 1981) (as "long as the Title VII claim is based on the discrimination originally charged in the complaint, allowing it to relate back . . . works no hardship on the defendant for the original complaint furnished adequate notice of the nature of the suit")).

Under Seventh Circuit law, Rule 15(c)(3) permits an amendment to relate back to the original complaint "where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *Id*. (quoting *Baskin v. City of Des Plaines,* 138 F.3d 701, 704 (7th Cir.1998)).  As discussed above, Gough and Gough had actual notice of Ingram's EEOC charge, and perhaps even more importantly, notice of her suit.  Her *pro se* complaint lists the common address for Gough Properties, and Gough and Gough, in Valparaiso, Indiana, and her summons form directs the complaint to the attention of

6

David Gough and to counsel – the same counsel who have appeared for the Defendant here. Therefore, Gough and Gough received notice of the action through David Gough, if not their counsel, and within a month, that same counsel appeared here for Gough Properties.  Thus, the Defendants "have received such notice that [they] will not be prejudiced in maintaining [a] defense." *Id.* (quoting *Worthington*, 8 F.3d at 1255-56).  Moreover, for the reasons stated above, Gough and Gough should have known that but for Ingram's mistake, it would have been named as a defendant in the original complaint, because Ingram named David Gough in the EEOC charge as the owner of Prestwick Square Apartments, a Gough and Gough property. *Wilke*, 36 F. Supp. 2d at 1072-73.  As noted above, all of this occurred within days of the filing of the complaint and certainly within the 120 days allowed under Rule 4(m). *See* Fed. R. Civ. P. 4(m). Accordingly, the Plaintiff has brought herself within Rule 15(c)(3)(B), and her amended complaint will relate back to the original filing date.

In any event, "the granting of an amendment that relates back under Rule 15(c)(3) constitutes good cause for extending the time for service under Rule 4(m)." *Wilke*, 36 F. Supp. 2d at 1073 (citing *Donald v. Cook County Sheriff's Dep't*., 95 F.3d. 548, 560 (7th Cir. 1996)). We therefore extend under Rule 4(m) the time for service upon Gough and Gough.

III. CONCLUSION

The motion to amend filed by the Plaintiff (DE # 24, 25) is hereby GRANTED, and the Clerk is directed to show the amended complaint filed.  The amended complaint will relate back to the date of the originally-filed complaint.  The Court extends the time for service upon Gough

and Gough under Rule 4(m).

Dated: August 10, 2005                                 s/Roger B. Cosbey  
                                                                       Magistrate Judge Roger B. Cosbey  
                                                                       United States District Court  
                                                                       Fort Wayne Division